[Civ. No. 9999.  First Appellate District, Division Two.—December 9, 1935.]

ADA SCARBOROUGH MARTIN, Appellant, v. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION (a Corporation) et al., Respondents.

Bernard Potter and C. A. Doody for Appellant.

Freston & Files and Ralph E. Lewis for Respondents.

NOURSE, P. J.—Plaintiff sued to cancel a promissory note and trust deed on the grounds of fraud and deceit.

Judgment went for defendants upon findings that neither fraud nor deceit entered into the execution of the documents.

The appeal, stripped of all its side issues, presents the single question of the sufficiency of the evidence to support these findings. In 1923 plaintiff executed her unsecured promissory note in favor of the bank's predecessor in the principal sum of $30,000. This note was successively renewed by the execution of new notes for ninety-day periods until the year 1926 when $6,000 was paid on the principal. Similar notes for $24,000 followed until July, 1927. At that time a trust was created with the bank as trustee whereby plaintiff became obligated as one of the trustors for a portion of the sum of $150,000. She deposited with the trustee, as security for this obligation, bonds of the face value of $36,000. She agreed further to a lien upon these bonds as security for her $24,000 note, and her renewals from that time until December, 1928, carried that security. From that date until October 22, 1929, all these renewals were unsecured.

On the date last mentioned plaintiff executed a new note in the sum of $30,000 which represented the $24,000 then due and an advance of $6,000 in cash. This note was secured by a deed of trust on real property. It is plaintiff's claim that this note and this deed were both procured by the false representation that the bank would return to her the bonds mentioned upon execution of the note and trust deed, and that she later learned that this promise was impossible of performance because the bank had previously delivered the bonds to a bondholders' committee for adjustment of the obligations under which they had been deposited. It is this note, and the trust deed supporting it, which the plaintiff seeks to cancel in this proceeding.

The adverse finding is fully supported by direct testimony that no such representations were made, and by the indirect testimony, or inference, which the trial court was justified in drawing from the conceded facts, that the independent obligation for which the bonds had been deposited was still unsatisfied and that the bank could not have returned them to the plaintiff because of the terms of that trust, of which the plaintiff was fully aware. In view of all the circumstances proved and the financial conditions existing in December, 1929, the trial court might have further concluded that the

plaintiff's testimony of the alleged promise to release this security was inherently improbable. But the direct evidence is alone sufficient to support the finding. All the arguments of plaintiff relating to the duties of a trustee and of one in a confidential relation are beside the issue because those relations existed in a wholly independent transaction. Here the salient fact is that plaintiff has $30,000 of the defendants' money. If she has any claim for a breach of the trust, that is the subject of another action; one which, it is stipulated, has been instituted for the trial of that issue and has gone to judgment.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 6, 1936.